POWERS VS. DELLINGER.

*February 7 — March 14, 1882.*

JUDGMENT ON VERDICT: *(1, 2) Reversal of, on evidence.*
SALE OF CHATTELS. *(3) Contract as to time of payment applied.*

1. A judgment upon verdict will not be reversed upon the weight of evidence, where there is evidence sufficient to support the verdict.
2. A judgment upon verdict against defendant for the value of the whole of certain chattels is reversed for want of any evidence of defendant's liability as to a part of the chattels.
3. Where D. purchased chattels of P., to be paid for when used or disposed of by D., and a part of them, remaining in store, were destroyed by fire: *Held,* that D. thereupon became immediately liable for the price of the chattels so destroyed; but that he would not become bound to pay the price of those remaining undestroyed, until he should use or dispose of them, or until, at least, a reasonable time should elapse to enable him to do so.

APPEAL from the Municipal Court of the *City of Ripon.* Action to recover the price of 590 flour barrels, alleged to have been sold by the plaintiff to the defendant, April 5, 1880, amounting to $212. It appears that the plaintiff, with the consent of the defendant, had stored in a building of the latter, known as the " old mill," that number of barrels at his own risk. The testimony of the plaintiff tended to show that immediately thereafter, and at the date aforesaid, the defendant purchased the barrels of the plaintiff at an agreed price per barrel, to be paid for when used or disposed of. The old mill in which the barrels were stored was burned in June following, and all the barrels except 163 of them were burned. Those saved from the fire were taken by third persons and stored under the cooper-shop of the plaintiff, who assisted in placing them there. The plaintiff notified the defendant that the barrels were there, subject to his order, but the latter did not take them. The defendant in his testimony denies that he purchased the barrels, and says that the plaintiff told

him, if he wanted to use any of them, to do so and give the plaintiff credit for them.    The judge instructed the jury, among other things, as follows:  " If you find, from examination of all the evidence given, that the defendant agreed with the plaintiff to purchase these barrels and pay for them when he used or disposed of them, and that the defendant has used or disposed of them, you will find for the plaintiff the sum of $212, the full amount claimed."  The jury found for the plaintiff, and assessed his damages at $212.  A motion for a new trial was denied, and judgment was entered pursuant to the verdict.  ' The defendant appealed from the judgment.

The cause was submitted on the brief of *E. L. Runals* for the appellant, and that of *W. W. D. Turner* for the respondent.

LYON, J.    Several alleged errors are assigned and are discussed in the briefs of counsel, but we find it necessary to consider but one of them.    The principal question of fact litigated on the trial was, Did the defendant purchase the barrels in controversy of the plaintiff?    This question seems to have been fairly submitted to the jury, and they have resolved it in the affirmative.    Whatever our opinion may be of the weight of the testimony, there is sufficient testimony to support the verdict.    It is a verity in the case, therefore, made so by the verdict, that the defendant purchased the barrels theretofore stored by the plaintiff in the old mill.    That being so, the defendant became the owner of the barrels, and they were at his risk.    Hence, he became liable for the price of those burned, immediately upon their being destroyed.    But this rule does not apply to the 163 barrels saved from the fire.    It satisfactorily appears by the plaintiff's testimony that he took these into his own possession.    He assisted in placing them in his building, and notified the defendant that they were there subject to his order.    He did so without the consent or knowledge of the defendant, and it cannot be correctly said that the defendant

has used or disposed of these barrels. Until he does so, or, at most, until a reasonable time for him to do so has elapsed, he is not liable for the price of them under the contract. No question of reasonable time is presented in the case. The instruction quoted in the above statement of the case does not discriminate between the barrels burned and those saved, in respect to the liability of the defendant. It submits to the jury the question of fact whether those saved, as well as those burned, were used or disposed of by the defendant, when there is no evidence that those saved were so used or disposed of. In this, we think, the learned judge of the municipal court erred. As the proofs stand, the plaintiff was not entitled to recover the price of the 163 barrels saved; yet he has recovered for these as well as for the others.

For this reason the judgment of the municipal court must be reversed, and the cause remanded for a new trial.

*By the Court.* — So ordered.